IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RENEE M. BRACE                                                                                              PLAINTIFF

v.                                        CIVIL NO. 21-cv-5053

KILOLO KIJAKAZI,[1] Acting Commissioner                            DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Renee M. Brace, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for DIB on January 9, 2019, alleging an inability to work since December 8, 2014, due to gout, psoriasis, high blood pressure, fibromyalgia, psoriatic arthritis, club feet, and arthritis. (Tr. 17, 208). An administrative hearing was held via telephone on July 7, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 17, 56–77). A vocational expert (VE) also testified.

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On August 17, 2020, the ALJ issued an unfavorable decision. (Tr. 14–27).  The ALJ found Plaintiff had not engaged in substantial gainful activity between her amended alleged onset date of April 21, 2016, through her date last insured of June 30, 2019. (Tr. 20). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: fibromyalgia, obesity, psoriatic arthritis, pes planus, and bilateral knee osteoarthritis. (Tr. 20–21). The ALJ found Plaintiff had non-severe but medically determinable impairments of congenital clubfeet, and hypertension. Additionally, the ALJ found Plaintiff had been diagnosed with attention-deficit hyperactivity disorder, attention and concentration deficit, anxiety, and obsessive-compulsive disorder but, as she was not diagnosed or formally treated before her date last insured, had failed to establish that these were medically determinable impairments during the relevant time period.  After reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 CFR Appendix I to Subpart P of 404, Regulation No. 4. (Tr. 21–22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 416.1567(a) except that she could only occasionally balance, stoop, kneel, crouch, and/or crawl, and would need a cane to ambulate. (Tr. 22–26). With the help of a VE, the ALJ determined that Plaintiff could perform her past relevant work as a fraud investigator. (Tr. 26). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from her amended alleged onset date, through the date last insured, June 30, 2019.

Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on January 7, 2021. (Tr. 1–5). Subsequently, Plaintiff filed this action. (ECF No. 2).  This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b).

Both parties have filed appeal briefs (ECF Nos. 16, 17, 18). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

### I. Applicable Law:

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff

must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II.     Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred at step two, including by omitting Plaintiff's mental impairments; 2) whether the ALJ erred assessing Plaintiff's RFC, specifically by failing to incorporate mental limitations; and 3) whether the ALJ erred in finding Plaintiff could perform past relevant work, where Plaintiff was reprimanded and received poor performance evaluations before resigning from that work. (ECF No. 16).

After review, it is clear that the ALJ erred in finding that Plaintiff was not diagnosed with any mental impairments before the date last insured. (Tr. 21). Plaintiff was diagnosed with attention and concentration deficit and anxiety on June 11, 2019. (Tr. 648–49). While Plaintiff did receive further referral to Behavioral Health for ADD evaluation, she was also prescribed

Buspirone to be taken three times daily. At step two, the ALJ did not find Plaintiff suffered from any severe mental impairments, and found she had no mental medically determinable impairments. (Tr. 21). The ALJ states that the record did not establish that Plaintiff was provided with diagnoses of these disorders on or before her date last insured. (Tr. 21). This is factually untrue. Although her diagnoses occurred late in the relevant time period, she was diagnosed and treated for mental impairments before the date last insured.

While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment, failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error). In the present case, the ALJ did not assess or expressly consider any mental limitations or impairments in the RFC findings and failed to discuss the records of Plaintiff's diagnosis and treatment for anxiety. (Tr. 22–26, 648-49). The ALJ did consider the relief Plaintiff received from her prescribed pain medications but does not appear to have considered her allegations of side effects from these medications including sleepiness, confusion, and difficulty with the mental demands of her work as a fraud investigator at Wal-Mart. (Tr. 24, 63–65). This is particularly troubling given Plaintiff's testimony that during her time as a fraud investigator, she struggled enough with the work to be reprimanded for not keeping up. (Tr. 64). While the Defendant may argue this error was harmless, the ALJ's finding that Plaintiff could perform her past relevant work as a fraud investigator which has an SVP of 7 and requires work for between

2-4 years to be past relevant work, makes any limitation which would cause an impairment of concentration a key issue.

On remand, the ALJ should consider all of Plaintiff's medically determinable impairments and should address interrogatories to an expert requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.[2]  With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis.  Nonetheless, proper analysis must occur.  *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

---

[2] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014) the Eighth Circuit noted that the necessary resolution of this identified issue may be accomplished by written interrogatories posed to the vocational expert, and thus another administrative hearing may not be required.

### III. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of June 2022

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE